■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NILDA RODRIGUEZ, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered July 31, 1974, convicting her of endangering the welfare of a child, upon a jury verdict, and imposing sentence. Judgment reversed, on the law, and indictment dismissed. The facts have been considered and determined not to have been established. The testimony adduced at the trial by the People's witnesses was devoid of any proof that the defendant "knowingly" acted "in a manner likely to be injurious to the physical, mental or moral welfare" (see Penal Law, § 260.10, subd 1) of the 12 and ½-year-old girl. Rather, the record reveals that the girl had run away on at least one prior occasion and on occasion would drink with her friends. Moreover, she had previously engaged in sexual intercourse on at least one occasion. Accordingly, the defendant's act of bringing the child to the home of another family in the neighborhood did not, as the People contend, put the child in an environment where she was free from the restrictions placed upon her by her mother, and where she could do as she pleased. It was also error for the court to refuse, during its charge, to relate the law regarding endangering the welfare of a child to the facts of the case, especially in the light of a request by the jury for a clarification of the meaning of the crime. Given the tenuous facts of this case, it was important that the court make this absolutely clear to the jury. Finally, it was not error for the court to refuse to charge that the jury could consider that Lucy Medina was an accomplice in fact. There simply was no evidence to support such a charge. Cohalan, J. P., Titone and Suozzi, JJ., concur; Hawkins, J., dissents and votes to affirm the judgment, with the following memorandum: I dissent and vote to affirm the jury's verdict convicting defendant of the crime of endangering the welfare of a child. The record affords no basis to impugn the jury's verdict that defendant did act "knowingly" and "in a manner likely to be injurious to the physical, mental

or moral welfare" of the 12-year-old girl, to employ the express language of subdivision 1 of section 260.10 of the Penal Law. The defendant acted knowingly and deliberately; indeed, she affirmatively created the very situation whereby the infant was encouraged to leave her mother's apartment and, as a consequence, was subjected to the injurious environment. Defendant's role was neither benign nor minimal; on the contrary, she was actively instrumental in arranging for the event to occur.